UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DENNIS DUHART, # W0425                                        PETITIONER

V.                              CIVIL ACTION NO.1:06CV244-GHD-JAD

JACKIE PARKER, ET AL.                                 RESPONDENTS

REPORT AND RECOMMENDATION

The undersigned has considered the respondents' motion to dismiss (Doc. 18) and the petitioner's response. The undersigned recommends that the motion to dismiss all claims relating to Duhart's guilty plea to DUI maiming be dismissed with prejudice as time barred. The undersigned recommends that the claims relating to Duhart's conviction for uttering a forgery be dismissed without prejudice for failure to exhaust state remedies.

CLAIMS ON GUILTY PLEA

The petitioner pled guilty to DUI maiming on May 23, 2003. Under Mississippi case law his conviction became final thirty days later, when the time for appealing an illegal sentence, allowed by Mississippi case law, expired. In the absence of a motion for post-conviction relief being properly filed in the intervening time, Duhart's time to file in federal court expired one year later on or about May 23, 2004. 28 U.S.C. § 2244(d). Duhart filed no such motion. Duhart has not shown any basis for equitable tolling, nor the application of any exception to the one year time limit. His 2006 petition is untimely. These claims, listed in the amended petition (Doc. 15) should be dismissed with prejudice. [1]

---

[1] The petitioner contends that he never intended to amend his complaint to add these claims to his petition. This court construed his filings, for good reason as an amendment, but it is futile not to finally dispose of these claims now. The claims are unexhausted and time barred today. After the state court acts, the claims will still be time barred. Neither the parties nor the

## CLAIMS ON THE CONVICTION

Duhart was convicted by a jury on the charge of uttering a forgery on May 8, 2003, and sentenced on May 23, 2003. He appealed his conviction to the Mississippi Court of Appeals, which affirmed his conviction. The rehearing by the Mississippi Court of Appeals was denied on May 2, 2006. Duhart neither filed a petition for writ of certiorari with the Mississippi Supreme Court on his direct appeal, nor has he ever filed a motion for post-conviction relief with the Mississippi Supreme Court. The respondents have moved to dismiss the claim for failure to exhaust state remedies. Duhart assumes that because the issues in the federal petition have been addressed on direct appeal by the Mississippi Court of Appeals that he has exhausted his state remedies. He is in error. He must give the highest court in the state a fair opportunity to address the merits of his complaints. 28 U.S.C. § 2254(b)(1) and (c). The Mississippi Supreme Court, not the Mississippi Court of Appeals, is the highest court in the Mississippi state court system. Duhart must first proceed by seeking post-conviction relief before the Mississippi Supreme Court and grant that court the opportunity to pass on his request for relief.

Duhart is cautioned that although Mississippi statutory law allows three years for the filing of a motion for post-conviction relief, the Anti-Terrorism and Effective Death Penalty Act, (AEDPA), which governs federal habeas relief for those in state custody, allows only one year. Additionally the time that has expired while Duhart has had this petition pending in this court does not toll one day of that one year time limit. *Duncan v. Walker*, 533 U.S.167, 181, 121 S.Ct. 2120, 2129 (2001). Duhart's conviction for issuing a forgery became final for the purposes of the federal period of

---

court benefit by delaying the inevitable.

limitations on May 16, 2006.[2]  **As of the date of this report and recommendation, 322 days of the one year period has now expired, leaving Duhart forty-three days, in which to 1) seek post-conviction relief from the Mississippi Supreme Court[3] and 2) to file a new action in this court <u>after</u> the Mississippi Supreme Court acts on the petition.  Duhart must immediately seek post-conviction relief with the Mississippi Supreme Court.  He must immediately refile with this court after the state court rules on the post-conviction motion.**  Even extreme diligence may not prevent the running of the one-year federal period of limitations.  Duhart was given fair warning by the filing of the respondents' motion to dismiss that he needed to return to state court.  He has created his own peril by failing to heed the warning at an earlier point in time.

The undersigned recommends that all claims contained in the original petition for habeas corpus, relating to the conviction for issuing a forgery, be dismissed without prejudice for failure to exhaust state court remedies.  The undersigned recommends that all claims in the amended complaint(Doc. 15), relating to Duhart's conviction on his guilty plea to DUI maiming be dismissed with prejudice as untimely.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations.  Objections are required to be in writing and must be filed within ten days of this date.  Failure to file written objections to the proposed finding and recommendations contained in this report within ten

---

[2] This date is calculated by adding the fourteen day period allowed by Mississippi procedure law for the filing of the petition for certiorari to the Mississippi Supreme Court to May 2, 2006, the date of the Mississippi Court of Appeals denial of the motion for rehearing.

[3] The AEDPA time will be tolled between the time the Mississippi Supreme Court files a post-conviction motion and the time it acts on the motion.  Mississippi does not employ a mail box rule, unlike the federal court system.

days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 3rd day of April, 2007.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE